**Amador Torres AVILA, also known as Amador Avila Torres, Petitioner**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

No. 08–60017
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 24, 2008.

Gino Mario Mesa, Mesa & Yeverino, Houston, TX, for Petitioner.

Thomas Ward Hussey, Director, Linda Susan Wendtland, Luis Enrique Perez, U.S. Department of Justice, Office of Immigration Litigation, Ben Franklin Station, Washington, DC, Sharon A. Hudson, U.S. Citizenship & Immigration Services, Houston, TX, for Respondent.

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Amador Torres Avila petitions this court for review of an order of the Board of Immigration Appeals (BIA). The BIA dismissed his appeal of the Immigration Judge's decision, which found that Avila's prior Texas offense of deadly conduct was a crime of violence and an aggravated felony, thus rendering him removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). In his petition, Avila argues that deadly conduct under TEX. PENAL CODE § 22.05 is not a crime of violence.

This court lacks jurisdiction to consider petitions for review filed by aliens who are ordered removed based on the commission of an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(C). Nevertheless, we retain jurisdiction to review the issue whether Avila's prior offense constitutes an aggravated felony for immigration purposes. *See Andrade v. Gonzales,* 459 F.3d 538, 542, 544 (5th Cir.2006), *cert. denied,* 549 U.S. 1132, 127 S.Ct. 973, 166 L.Ed.2d 739 (2007).

Avila has not shown that the BIA erred in its classification of his prior offense as a crime of violence and thus an aggravated felony. *See United States v. Hernandez–Rodriguez,* 467 F.3d 492, 495 (5th Cir. 2006); 18 U.S.C. § 16(a); 8 U.S.C. § 1101(a)(43)(F). Consequently, we lack jurisdiction to review his order of removal. *See* 8 U.S.C. § 1252(a)(2)(C).

Avila's petition for review is DISMISSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.